UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

United States of America,

    Respondent,

v.                              **MEMORANDUM OF LAW AND ORDER**
                                      Criminal File No. 04-406 (01) (MJD)

Martes Niyum Brooks,

    Petitioner.

_____

Robert M. Lewis, Assistant U.S. Attorney, Counsel for Respondent.

Martes Niyum Brooks, *pro se*.

_____

## I. Introduction

This matter is before the Court on Petitioner's motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and to appoint counsel. [Doc. Nos. 50 and 54].

## II. Background

The Petitioner was charged in Count 1 of the Indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924 (a)(2) and 924 (e). He entered a plea of guilty to that charge on March 1, 2005.

1

The United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that as the Petitioner entered a plea of guilty to a violation under 18 U.S.C. § 922(g) and because he had at least three of his prior convictions that were either a violent felony or serious drug offense, he qualified for an enhanced sentence pursuant to U.S.S.G. §4B1.4, Armed Career Criminal. Specifically, the PSR lists the following previous convictions: Second Degree Assault; Possession with Intent to Distribute Crack Cocaine; Attempted Simple Robbery and Escape.  The total offense level was calculated to be 30, and with a criminal history category of VI, the resulting guideline range was 180-210.  The crime of conviction subjected the Petitioner to a fifteen year mandatory minimum term of imprisonment.

At sentencing, the Petitioner did not object to the finding that he qualified as an Armed Career Offender.  On October 6, 2005, the Court sentenced the Petitioner to 180 months imprisonment.  The Petitioner did not appeal his sentence and his conviction became final when judgment was entered on October 12, 2005.

On August 10, 2015, the Petitioner filed this § 2255 motion to vacate, set aside or correct his sentence.

I.      **Habeas Petition**

    A.      **Standard for Relief under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In response to such a motion, the court shall give a prompt hearing therein to identify the issues, make findings of fact and determinations of law, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if…the petitioner's allegations, accepted as true, would not entitle the petitioner to relief." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

    B.      **Petitioner's Stated Grounds for Relief**

The Petitioner claims he is entitled to relief because he no longer qualifies as an Armed Career Criminal based on the United States Supreme Court's

3

decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson the Court found the residual clause contained in the statutory definition of crimes of violence was unconstitutionally vague. The Petitioner argues that the sentencing court determined that his prior convictions for escape, second degree assault and simple robbery were predicate offenses for purposes of the Armed Career Criminal Act by relying on the residual clause the Supreme Court found unconstitutionally vague. He argues that if these prior convictions do not qualify as predicate offenses, he no longer meets the definition of an Armed Career Criminal.

1. **Timeliness of Motion**

There is a one year limitation period for filing a motion under Section 2255. 28 U.S.C. § 2255(f). This period begins to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Id.

On August 10, 2015, the Petitioner filed the instant petition claiming a right to relief based on the Johnson decision, which was issued on June 26, 2015. Further, the Supreme Court has determined that Johnson announced a substantive rule that applied retroactively on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (Apr. 18, 2016). Based on the above, the instant petition was timely filed.

### 2. Merits Determination

The Armed Career Criminal Act provides that one convicted under 178 U.S.C. §922(g), and who has three previous convictions for a violent felony and/or serious drug offense, is subject to a mandatory term of imprisonment of fifteen years. 18 U.S.C. § 924(e)(1). A "serious drug offense" is one under the Controlled Substances Act, 21 U.S.C. § 801 et seq. and a violent felony is defined as a crime punishable by imprisonment for a term exceeding one year and that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or is "burglary, arson, or extortion, involves use of

explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B)(i) and (ii). The residual clause, the italicized language above, was the language held unconstitutionally vague by the Supreme Court.

In this case, the Petitioner's prior convictions for Second Degree Assault and Simple Robbery were found to be violent felonies because those crimes have as an element the use, attempted use or threatened use of physical force against another person. The conviction for Second Degree Assault is based on the Petitioner firing a gun at a school bus that was occupied with students, and the Simple Robbery conviction involved the Petitioner robbing a hardware store with the threatened use of a gun. Because these prior convictions fall within the definition of violent felony without regard to the residual clause, the Petitioner's claims fail on the merits[1].

## II. Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid

---

[1] The Petitioner does not dispute that his prior conviction for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) is a serious drug offense as defined in § 924 (e).

claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. The Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Doc. No. 50] is **DENIED** and the case **DISMISSED WITH PREJUDICE**;

2. The Petitioner's Motion for Appointment of Counsel [Doc. No. 54] is **DENIED;** and

3. The Court denies a Certificate of Appealabiltiy in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**Date:  July 20, 2016**

<u>s/ Michael J. Davis</u>
**Michael J. Davis
United States District Court**